IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JEFFREY E. HOPKINS,

      Petitioner,

vs.                                    No. 04-2671-Ml/V

TIMOTHY OUTLAW,

      Respondent.

_____

ORDER OF DISMISSAL
ORDER DENYING MOTION TO DISMISS AS MOOT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

    On August 27, 2004, petitioner, Jeffrey E. Hopkins, prison registration no. 29888-044, who was incarcerated as an inmate at the Federal Prison Camp in Millington, Tennessee, filed a petition under 28 U.S.C. § 2241 and paid the filing fee.  On January 4, 2005, the Court directed the United States to respond to the petition.

    On March 23, 2005, the Government filed its response and motion to dismiss.  According to the Bureau of Prisons website, Hopkins' sentence ended on June 9, 2005.  Although it would appear this case is moot, no party has formally advised the Court of that fact.

    At the time this habeas petition was filed, Hopkins was serving an eighteen (18) month sentence imposed by the United States District Court for the Eastern District of Missouri for attempting to possess MDMA in violation of 21 U.S.C. § 846 and §

841(a)(1). Petitioner challenges a 2002 change in Bureau of Prisons ("BOP") policy, reducing the amount of time which a federal prisoner may serve in a Community Corrections Center ("CCC").

Under 18 U.S.C. § 3621, persons convicted of federal crimes are committed to the custody of the BOP. That section vests the BOP with the discretion to assign prisoners to particular prisons or programs. Similarly, 18 U.S.C. § 3624(c), permitting the BOP to release a prisoner to a community corrections facility before a mandatory release date, has been interpreted as vesting discretion in the BOP, not creating a right to such release. <u>Prows v. Federal Bureau of Prisons</u>, 981 F.2d 466, 469 (10th Cir. 1992); <u>United States v. Laughlin</u>, 933 F.2d 786, 789 (9th Cir. 1991). Neither statute authorizes the relief requested.

Section 3624(c) provides in relevant part as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, <u>not to exceed six months, of the last 10 percent of the term to be served</u> under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. (Emphasis added)

While § 3624(c) clearly allows the BOP to transfer prisoners to halfway houses, the plain language is clear that such transfers are not to exceed the <u>lesser</u> of the last ten percent of the sentence imposed or six months.

Because Hopkins was sentenced to eighteen months imprisonment, the statute authorizes his transfer to a halfway house only after he serves ninety percent of his sentence. Petitioner, however contends he is entitled to six months in a CCC. The Government

responds that in December 2002, the BOP determined it must limit CCC placement to the lesser of six months or the last ten percent of the term to be served.  The decision was based upon a memorandum by the Deputy Attorney General to Kathleen Hawk-Sawyer, then Director of the BOP, informing her that the BOP's practice of allowing halfway house placements to exceed 10 percent of a sentence was unlawful.  The Government also advised the Court that Hopkins' projected release date was June 9, 2005, and recommended pre-release date was April 24, 2005.

The Government has raised the exhaustion requirement as a basis for their motion to dismiss plaintiff's petition.  Hopkins did not respond to the motion to dismiss; however, he admitted in his verified complaint that he "did not initiate an administrative appeal."  The Government has provided the affidavit of Clarissa M. Greene, the Legal Instruments Examiner at the Mid-Atlantic Regional Office of the Bureau of Prisons which states that she reviewed the administrative remedy records for Jeffrey Hopkins and that he did not file any administrative remedies regarding his CCC placement.

Forty-two U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Porter v. Nussle, 534 U.S. 516, 524 (2002).

The Sixth Circuit has held that the language of 42 U.S.C. § 1997e(a) requires a federal court to dismiss a prison conditions claim without prejudice whenever a prisoner has not demonstrated

that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998); Lavista v. Beeler, 195 F.3d 254 (6th Cir. 1999) (exhaustion requirement applies to claim alleging denial of medical care). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). Furthermore, § 1997(e) requires a prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

The Court's review of the record as a whole demonstrates that plaintiff's complaint is fully within the scope of § 1997e. Plaintiff did not utilize the administrative remedy system to exhaust his claims despite his "available" administrative system for review of his claims. Porter, 534 U.S. at 524.

"[A] federal court should not prematurely 'decide' the merits" of an action "unless the complaint satisfies § 1997e(c)(2)." Brown v. Toombs, 139 F.3d at 1104. Plaintiff's failure to exhaust his administrative remedies prevents the adjudication of his complaint. Id. "A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim upon which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 304 F.3d at 489 (citing Knuckles-El, 215 F.3d at 642).

4

Accordingly, as plaintiff failed to exhaust his administrative remedies, the Court sua sponte DISMISSES his complaint under 42 U.S.C. § 1997e(a). The Government's motion to dismiss Hopkins' complaint is DENIED as MOOT.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by prisoners seeking review of federal agency determinations under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1]

Petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by

---

[1] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

5

>Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. As the complaint is being dismissed for petitioner's failure to exhaust administrative remedies, an appeal would also be subject to dismissal due to petitioner's failure to exhaust his claims. Accordingly, there is no good faith basis for any appeal in this matter. It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 12th day of June, 2006.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE